IN THE UNITED STATES DISTRICT COURT FOR DISTRICT COURT
THE SOUTHERN DISTRICT OF GEORGIA Southern District of Ga.
SAVANNAH DIVISION          Filed In Office

M
D | 14, 201 7
Deputy Clerk

SONYA DIAMOND,                    )
                                 )
        Plaintiff,               )
                                 )
v.                               )          CASE NO. CV417-030
                                 )
PUBLIX SUPER MARKETS, INC.,      )
                                 )
        Defendant.               )
                                 )

## O R D E R

Before the Court is Defendant's Motion for Summary
Judgment. (Doc. 17.) For the following reasons, Defendant's
motion is **GRANTED**. As a result, Plaintiff's complaint is
**DIMISSSED**. (Doc. 1, Ex. A.) The Clerk of Court is **DIRECTED** to
close this case.

### BACKGROUND

This case arises from an incident in which a customer at a
local Publix tripped and fell over a scale located near the
store's entryway. On or about January 21, 2015, Plaintiff Sonya
Diamond was shopping at Defendant's grocery store located on
5500 Abercorn Street, Suite #2, Savannah, Georgia, 31405. (Doc.
1, Ex. A ¶ 5.) After Plaintiff paid for her groceries, one of
Defendant's employees took Plaintiff's groceries and shopping
cart and began walking with Plaintiff to her vehicle. (Doc. 17,
Attach. 1 at 56-57.) Because of the brightness of the sun,

Plaintiff removed her bifocal lenses and began to look for her sunglasses in her purse as she walked behind the employee. (Id. at 58.) As Plaintiff continued to follow the employee out of the store, Plaintiff tripped and fell forward over a scale located near the store's exit. (Id.) Plaintiff later testified that while she did not see the scale when she tripped over it, nothing interfered with her ability to see in front of her. (Id. at 57.)

Before her injury, Plaintiff had previously shopped at the same Publix at least once a week since the store's opening. (Id. at 54.) Plaintiff was aware from these previous shopping trips of the scale and its location. (Id. at 79.) She testified that she typically passed the scale on her normal path to enter and exit the store. (Id.) Plaintiff even admitted to previously using the scale. (Id. at 59.)

Plaintiff initially brought suit in the State Court of Chatham County seeking relief for her injuries caused by the fall. On February 17, 2017, Defendant removed the case to this Court based on diversity jurisdiction. (Doc. 1.) Defendant is now seeking summary judgment. (Doc. 17.) In its motion, Defendant claims that there is no genuine dispute of material fact in this case that would allow Plaintiff to prevail on her premise liability claim. Specifically, Defendant argues that Plaintiff's claim must fail because the scale was open and

obvious, and, alternatively, Plaintiff failed to act with reasonable care in avoiding the scale. Plaintiff has responded by arguing that certain conditions on the day of the incident inhibited her view of the scale, negating any claim that the scale was open and obvious, and that she did act with reasonable care.

## ANALYSIS

### I. STANDARD OF REVIEW

According to Federal Rule of Civil Procedure 56(a), "[a] party may move for summary judgment, identifying each claim or defense—or the part of each claim of defense—on which summary judgment is sought." Such a motion must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Id. The "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.' " Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56 advisory committee notes).

Summary judgment is appropriate when the nonmovant "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The substantive law governing

3

the action determines whether an element is essential. <u>DeLong</u>

<u>Equip. Co. v. Wash. Mills Abrasive Co.</u>, 887 F.2d 1499, 1505

(11th Cir. 1989).

As the Supreme Court explained:

> [A] party seeking summary judgment always bears the
> initial responsibility of informing the district court
> of the basis for its motion, and identifying those
> portions of the pleadings, depositions, answers to
> interrogatories, and admissions on file, together with
> the affidavits, if any, which it believes demonstrate
> the absence of a genuine issue of material fact.

<u>Celotex</u>, 477 U.S. at 323. The burden then shifts to the

nonmovant to establish, by going beyond the pleadings, that

there is a genuine issue as to facts material to the nonmovant's

case. <u>Clark v. Coats & Clark, Inc.</u>, 929 F.2d 604, 608 (11th Cir.

1991).

The Court must review the evidence and all reasonable

factual inferences arising from it in the light most favorable

to the nonmovant. <u>Matsushita</u>, 475 U.S. at 587-88. However, the

nonmoving party "must do more than simply show that there is

some metaphysical doubt as to the material facts." <u>Id.</u> at 586. A

mere "scintilla" of evidence, or simply conclusory allegations,

will not suffice. See, e.g., <u>Tidwell v. Carter Prods.</u>, 135 F.3d

1422, 1425 (11th Cir. 1998). Nevertheless, where a reasonable

fact finder may "draw more than one inference from the facts,

and that inference creates a genuine issue of material fact,

4

then the Court should refuse to grant summary judgment." Barfield v. Brierton, 883 F.2d 923, 933-34 (11th Cir. 1989).

## II. PREMISE LIABILITY

Pursuant to O.C.G.A. § 51-3-1, a store owner or occupier has a statutory duty to exercise ordinary care in keeping its premises and approaches safe for invitees. However, this duty does not mean that the owner or occupier of the land is an insurer of the safety of its invitees, or that there is a presumption of negligence when an invitee is injured on an owner or occupier's land. See Perkins v. Peachtree Doors, Inc., 196 Ga. App. 878, 879, 397 S.E.2d 54, 55 (1990) ("To presume that because a customer falls in a store that the proprietor has somehow been negligent would make the proprietor an insurer of his customer's safety which he is not in this state."). Rather, for an invitee to recover under a premise liability theory, the invitee must be able to prove: (1) that defendant had actual or constructive knowledge of the hazard; and (2) that, despite exercising ordinary care, the plaintiff lacked knowledge of the hazard's existence due to actions or conditions within the defendant's control. Robinson v. Kroger Co., 268 Ga. 735, 748, 493 S.E.2d 403, 413-14 (1997).

In this case, there is no dispute as to whether Defendant had actual knowledge of the scale located in the store entrance. The parties, however, do dispute whether Plaintiff lacked

knowledge of the scale due to actions or conditions within Defendant's control. In Defendant's motion, it contends that the scale was a static condition that Plaintiff admitted she had previously observed in the entryway. As a static condition, Defendant contends that there is a presumption that Plaintiff was aware of the condition and should have been able to avoid it. In response, Plaintiff alleges that certain conditions on the day of the incident inhibited her ability to see the scale. After careful consideration, the Court agrees with Defendant.

First, the Court agrees with Defendant that the scale placed in the entryway was a static condition. A static condition is " 'one that does not change' and is not inherently dangerous." Rowland v. Murphy Oil USA, Inc., 280 Ga. App. 530, 532, 634 S.E.2d 477, 479 (2006). A condition can be considered static even if it is portable or moveable. For example, in Rentz v. Prince of Albany, Inc., 340 Ga. App. 388, 390, 797 S.E.2d 254, 257 (2017), the Georgia Court of Appeals found that a corn-hole game located in the middle of a car dealership was a static condition. The court reasoned that although the condition was moveable, the game was still a static condition because it was in plain view and nothing obstructed any visitor's view of the game. Id.; see also Rowland, 280 Ga. App. at 532, 634 S.E.2d at 479 (concluding that a portable sign at a gas station was a static condition because there was no evidence that the sign had

ever moved or that anything obstructed a customer's view of the sign).

In this case, the scale was a static condition. At the outset, Plaintiff provides no argument to the contrary. Plaintiff simply refers to the scale as an "alleged static condition" throughout her briefs. (Doc. 21 at 4.) However, Plaintiff never provides any argument expressly disavowing the scale as a static condition.

Even if Plaintiff did challenge the scale's status as a static condition, however, the Court's conclusion would be the same. While there is evidence in the record that the scale had been previously located in different locations, there is no evidence that the scale was recently moved before Plaintiff's fall. The scale was located in the same position in which Plaintiff fell at least long enough for Plaintiff to observe the scale on previous trips to the store and be aware of its location. As in Rentz, there is no evidence in this case that there was anything inhibiting any visitors' ability to see the scale. In fact, Plaintiff testified that if she had looked, she would have seen the scale. (Doc. 17, Attach. 1 at 79.) Because the scale had a designated location and was visible by visitors, the Court finds that the scale was a static condition.

Because the scale was a static condition, the Court also finds that Plaintiff had knowledge of the scale. Within Georgia law, "a person is presumed to have knowledge of [a static condition] when that person has successfully negotiated the alleged dangerous condition on a previous occasion." Bonner v. S. Rest. Grp., Inc., 271 Ga. App. 497, 499, 610 S.E.2d 129, 132-33 (2005) (quoting Christensen v. Overseas Partners Capital, Inc., 249 Ga. App. 827, 829, 549 S.E.2d. 784, 786 (2001)); see also Landing Ass'n, Inc. v. Williams, 291 Ga. 397, 399, 728 S.E.2d 577, 580 (2012) ("One who is familiar with the premises cannot rely for recovery upon the negligence of the defendant in failing to correct a patent defect where such party had equal means with the defendant of discovering it or equal knowledge of its existence." (quoting Atlanta Gas Light Co. v. Gresham, 260 Ga. 391, 392, 394 S.E.2d 345, 346 (1990))). "Consequently, as applied to the grant of summary judgment in this case, the issue is whether the factual evidence is plain, palpable, and undisputed that nothing obstructed [Plaintiff's] ability to see the [scale] and thus the defect was or should have been visible to her." LeCroy v. Bragg, 319 Ga. App. 884, 886, 739 S.E.2d 1, 3 (2013) (quoting Thomas v. Exec. Comm. of Baptist Convention of Ga., 262 Ga. App. 315, 319, 585 S.E.2d 217, 220 (2003)).

In this case, Plaintiff is presumed to have knowledge of the scale. She had observed the scale in the same location as on the date of the incident on her previous shopping trips. Therefore, this Court will presume that she had knowledge of the scale and should have avoided it unless there is any evidence that she had an obstructed view of the scale.

In this case, there is no such evidence. In her brief, Plaintiff contends that "[b]ecause of the size[] of Defendant's employee, the shopping cart loaded with groceries, and the lighting conditions, there is clear evidence that Plaintiff's view of the scale was obstructed." (Doc. 21 at 4.) However, Plaintiff provides no evidence to support this assertion. In her testimony, Plaintiff notes that she was putting on sunglasses because of the brightness of the sun. (Id., Attach. 1 at 58.) However, she never contends that the sun inhibited her view of the scale. Moreover, Plaintiff never claims that Defendant's employee or the shopping cart inhibited her view of the scale. In fact, Plaintiff herself states that nothing inhibited her ability to see in front of her as she was walking. (Id. at 57.)

Because Plaintiff has failed to identify any evidence rebutting the presumption of her knowledge as to the open and obvious static condition of the scale, Plaintiff's claim based on a theory of premise liability fails. Plaintiff knew about

the scale's location and offered no evidence to show that anything inhibited her ability to view the scale on the day in question. She had at least as much knowledge of the existence of the scale as Defendant and, therefore, cannot now *recover* based on Defendant's alleged negligence in placing the scale near the exit. As a result, Defendant is entitled to summary judgment.[1]

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment is **GRANTED**. As a result, Plaintiff's complaint is **DISMISSED**. The Clerk of Court is **DIRECTED** to close this case.

SO ORDERED this _13th_ day of December 2017.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1] In his motion, Defendant also alleges that he is entitled to summary judgment because Plaintiff failed to act with ordinary care to avoid the scale. Because the Court finds that Defendant is entitled to summary judgment on other grounds, the Court sees no reason to address Defendant's second argument.